UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN BOCHNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, New Castle )<br>Correctional Facility, )<br>)<br>Respondent. ) | Case No. 1:15-cv-001764-TWP-DKL |

**Entry Discussing Need for Evidentiary Hearing or Vacation of Disciplinary Sanctions**

The petition of John Bochner for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 15-06-00146 in which he was found guilty of refusal of a mandatory program, the Indiana Sex Offender Management and Monitoring ("SOMM") program in violation of Code A-116. All of the evidence before the Court has been considered, including Bochner's belated reply. Consistent with this, the motion for leave to file a belated reply [dkt 22] is **granted**.

Bochner states that at the time of the disciplinary conviction, he had a pending petition for post-conviction relief. He concludes that he therefore should not have been found guilty of refusing to participate in a mandatory program. The respondent argues that whether or not Bochner was eligible for the exemption, he failed to timely provide the necessary paperwork to establish the exemption as required, so he was in fact guilty of refusal of a mandatory program. Bochner asserts that he was denied necessary evidence to show this exemption. He provides as evidence a letter (presumably from his attorney) stating that "exemption paperwork" was timely provided to SOMM personnel. Dkt. 23-1. According to Bochner, this paperwork included the

initial pleading and a current docket sheet of his then-pending action for post-conviction relief. Bochner concludes that SOMM personnel should have had this paperwork all along and should have permitted him the exemption to the program. He goes on to state that when the screening officer was advised of the existence of the documentation that was necessary to show his exemption from the program, the screening officer refused to obtain the documents. Dkt. 1, pgs. 6-9. He further asserts that he requested that the documentation be presented at the hearing and that the hearing officer would not accept that evidence. *Id.*

The respondent presents a different version of the events, explaining that the burden is on Bochner to show his entitlement to the exemption by providing the necessary documentation. By failing to provide this documentation in a timely manner, Bochner failed to meet this burden. In other words, according to the respondent, the documentation should have been in Bochner's control, not in the control of any prison official.

In sum, the evidence before the Court regarding whether Bochner was denied necessary evidence at his disciplinary hearing is contradictory. "[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006).

The respondent could obviate the need for a hearing if he vacated the disciplinary proceedings at issue in this action and the corresponding sanctions. Otherwise the Court will set this matter for an evidentiary hearing on the question outlined above and appoint counsel for Bochner. *See* Rule 8 of the *Rules Governing Section 2254 Cases* ("If an evidentiary hearing is

warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The respondent has **through March 24, 2017**, in which to inform the Court how this action should proceed. If a hearing is necessary, the Court will appoint counsel, schedule the hearing, and set discovery deadlines by separate order.

    **IT IS SO ORDERED.**

Date: 3/3/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

JOHN BOCHNER
933118
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362