**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOHN BOCHNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 1:15-cv-001764-TWP-DKL |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, New Castle | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | | |

**Entry and Order Dismissing Action**

This matter is before the Court on Petitioner John Bochner's Petition for Writ of Habeas Corpus, with respect to a prison disciplinary proceeding identified as No. NCF 15-06-0146. In the course of this action, the Indiana Department of Correction reviewed the disciplinary case and decided to dismiss the disciplinary hearing board's guilty verdict and rescind the sanctions including the earned credit time loss. The Respondent argues that because the conviction and sanctions challenged in this case have been vacated and completely dismissed this action is now moot and must be dismissed. Bochner has not opposed the Motion to Dismiss Petition as Moot [Dkt. 25].

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.")(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). The development described above, being that the finding of misconduct was vacated and the sanctions rescinded, renders the action moot.

A case which is moot must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The respondent's Motion to Dismiss Petition as Moot [Dkt.25] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/12/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOHN BOCHNER
933118
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362